# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-163 LY |
| | § | |
| JEFFREY WAYNE ALEXANDER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on September 28, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On June 9, 2003, Judge Terry Means sentenced the Defendant to a 63 month term of imprisonment, followed by five (5) years supervised release, for Possession with Intent to Distribute More Than 5 Kilograms of a Mixture and Substance Containing Cocaine, in violation of 21 U.S.C.§ 841. His term of supervised release commenced on January 4. 2008. In June 2008, the Defendant moved to Austin in order to be near his two sons. On March 17, 2010, jurisdiction was transferred to the Western District of Texas.

The undersigned has had several hearings involving the Defendant. Specifically, in October 2010, the Court held a revocation hearing as a result of the Defendant's violation of the alcohol

abstinence condition that was added to his supervision earlier that year, and due to the Defendant's arrest for DWI. The details of that proceeding are contained in the Interim Report and Recommendation submitted by this Court on October 12, 2010. *See* Clerk's Doc. No. 15. In brief, the Court recommended that the Defendant's supervision be continued, with modifications requiring the installation of an interlock device on the Defendant's car, and a condition requiring that he operate no other motor vehicles. *Id.* No recommendation was made regarding the DWI arrest, as that case remained pending in state court. Judge Yeakel adopted this recommendation on October 15, 2010. *see* Clerk's Doc. No. 16. Subsequently, in March 2011, the Defendant pled nolo contendre to the DWI offense and was sentenced to 10 days in jail. The Probation Office recommended no further action as a result of the conviction, and the Court concurred with that recommendation, *see* Clerk's Doc. No. 17. In addition, the requirement of an interlock device was removed from the Defendant's conditions of supervision in May 2011. *See* Clerk's Doc. No. 22. During all of this time, the Defendant had been warned by both the undersigned and by Judge Yeakel that because he had been given a lot of latitude on his transgressions up to that point, future violations would not be treated so lightly.[1]

Thus, despite the fact that over a several month period the Defendant had violated his conditions by drinking alcohol repeatedly, and then by committing a new offense (DWI), he had been allowed to continue on supervised release. Unfortunately, the Defendant did not take advantage of the opportunity he was provided by this leniency. Specifically, On August 26, 2011, the Defendant

---

[1] For example, in the R&R from October 2010, the undersigned "warned the Defendant that his actions would be closely scrutinized while the Petition remains pending, and if he again violated his conditions, the Court would have no choice but to enforce its orders with more serious sanctions." Clerk's Doc. No. 15 at 4.

submitted a urine specimen that tested positive for cocaine. On September 2, 2011, an administrative hearing was held by the Probation Office and he admitted in writing to using cocaine. He was then instructed to report every Monday and Friday by 11:00 a.m. to submit a urine specimen. The September 6, 2011, specimen was invalid due to dilution, and Defendant did not report on September 9, 2011. Based on the above on September 9, 2011, the Probation Office submitted a petition for warrant. On September 12, 2011, the undersigned issued a warrant for the Defendant's arrest. The Probation Office instructed the Defendant to report on September 16, 2011, at 11:00 a.m. Instead, the Defendant reported at 4:15 p.m., and was arrested at that time. The offender was unemployed at the time of his arrest, and for support was relying on his girlfriend, and on "thrifting" (buying and selling used goods). The Defendant had been employed at Jiffy Lube, but had advised his Probation Officer that he had left that job due to his desire to move to a store closer to his residence, and the inability to resolve that issue with his employer. After the Defendant's arrest. contact was made with Jiffy Lube, who reported that in fact the Defendant was having issues of non-attendance, and that is what resulted in his separation from the job.

On September 28, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

II. FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by committing a using cocaine.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.

The most serious violation is a Grade A, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment. Having considered all of the above, the Court RECOMMENDS that the Defendant be sentenced to 7 months of imprisonment, with 8 months of supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of September, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE